1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   CHARLES S. DONOVAN, Cal. Bar No. 103667
3  AMY B. NORRIS, Cal. Bar No. 201147
   Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111-4106
   Telephone:  415-434-9100
5  Facsimile:  415-434-3947
   Email:      cdonovan@sheppardmullin.com
6
   Attorneys for Plaintiff Triton Container
7  International Limited

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 TRICON CONTAINER                    Case No. C 06 0326
   INTERNATIONAL LIMITED,
12                                     EX PARTE RIGHT TO ATTACH
              Plaintiff,                ORDER AND ORDER FOR
13                                     ISSUANCE OF WRIT OF
        v.                             ATTACHMENT
14
   CHINA SHIPPING CONTAINER LINES
15 (HONG KONG) CO., LTD., in personam,
   and CHINA SHIPPING CONTAINER
16 LINES (ASIA) CO., LTD., in personam,

17            Defendants.

18

19

20         The Court has considered Triton Container International Limited's ("Triton")

21 application, the supporting memorandum of points and authorities and declarations for an

22 Ex Parte Right to Attach Order and Writ of Attachment.

23         The Court finds:

24         1.    The conditions set forth in Rule B of the Supplemental Rules for Certain

25 Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist in

26 this case as defendants China Shipping Container Lines (Hong Kong) Co., Ltd. ("CSCL

27 Hong Kong") and China Shipping Container Lines (Asia) Co., Ltd. ("CSCL Asia") cannot

28

1  be found within this District. Therefore issuance of a writ of attachment under Rule B is
2  appropriate.
3      2.    The claim upon which the attachment is based is one upon which attachment
4  may be issued under the California Attachment Law (title 6.5 of the California Code of
5  Civil Procedure, §§ 481.010-493.060), specifically under CAL. CIV. PROC. CODE §
6  492.030.
7          a.    Triton has established the probable validity of the claim upon which
8      the application is based.
9          b.    The declarations accompanying the application show that the property
10     Triton seeks to attach is subject to attachment, pursuant to CAL. CIV. PROC. CODE §
11     492.040.
12         c.    CSCL Hong Kong and CSCL Asia are foreign corporations not
13     qualified to do business in California.
14         d.    Triton does not seek the attachment for a purpose other than recovery
15     on the claims upon which the application is based.
16         e.    None of the defendants has filed a general appearance.
17     3.    An undertaking in the amount of $10,000.00 is required before a writ shall
18 issue. Once Triton has filed an undertaking in that amount, the writ of attachment shall be
19 effective under the California Code of Civil Procedure. However, the Clerk shall issue the
20 writ immediately. The writ shall take effect immediately as a writ of attachment under
21 Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.
22     IT IS ORDERED:
23     1.    That Triton has the right to attach corporate property of CSCL Hong Kong
24 and CSCL Asia in the amount of $1,922,315. The Clerk shall issue a writ of attachment
25 forthwith in the amount of $1,922,315 against the following property of defendants:
26         a.    All tangible and intangible property of CSCL Hong Kong;
27         b.    All tangible and intangible property of CSCL Asia;
28

      c.    Any and all debts owed by China Shipping (North America) Agency Co., Inc. to CSCL Hong Kong or CSCL Asia;

      d.    Any and all assets belonging CSCL Hong Kong or CSCL Asia in the possession or control of China Shipping (North America) Agency Co., Inc., including, but not limited to, freights, accounts receivables, cash or charter hire of CSCL Hong Kong or CSCL Asia;

      e.    Any and all debts owed by Rich Shipping Company Limited to CSCL Hong Kong or CSCL Asia;

      f.    Any and all assets belonging CSCL Hong Kong or CSCL Asia in the possession or control of Rich Shipping Company Limited, including, but not limited to, freights, accounts receivables, cash or charter hire of CSCL Hong Kong or CSCL Asia; and

      g.    Any fuel belonging to any one of the defendants on board any vessel in California.

2.    Certain property is in the possession, custody, or control of non-defendants or non-defendants have an interest in certain property, including:

      a.    China Shipping (North America) Agency Co., Inc., 111 West Ocean Blvd., Suite 1700, Long Beach, CA 90802; and

      b.    Rich Shipping Company Limited, whose registered agent for service of process is Distribution-Publications, Inc., 7982 Capwell Drive, Oakland, CA 94621.

3.    CSCL Hong Kong and CSCL Asia shall transfer to the levying officer possession of any documentary evidence in their possession of title to any property described above; and any documentary evidence in their possession of the debts owed to CSCL Hong Kong or CSCL Asia by entities in California or subject to the jurisdiction of this Court.

1 | NOTICE TO DEFENDANTS: Failure to comply with this order may subject
2 | you to arrest and punishment for contempt of court.
3 |
4 | DATED: January 26, 2006
5 |
6 | _____
  | United States District Judge